# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HAYES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KERN COUNTY, et al.;<br><br>　　　　Defendants. | Case No. 1:19-cv-01722 -JLT<br><br>**ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE**<br>**(Doc. 33)** |

　　　　The parties have stipulated to amend the case schedule once again (Doc. 33) Notably, last November, the Court granted the stipulation to amend the case schedule (Doc. 16) to allow non-expert discovery to continue through March 19, 2021. (Doc. 17) Despite this, the plaintiff failed to complete the discovery he claimed he needed in the stipulation to amend the case schedule (Doc. 16).

　　　　A month after the non-expert discovery deadline passed, the parties sought a stay of this case due to the attempt to transfer this case to the Judicial Panel on Multi-District Litigation (Doc. 26). The Court granted the stay but noted, "though the Court GRANTS the stipulation, it does NOT accept that the stay is a method to reopen deadlines that have passed when the stay is lifted." (Doc. 27)

　　　　Despite this, once the MDL was rejected, the plaintiff sought to extend deadlines,

including those that had lapsed before the stay was ordered (Doc. 30). The Court granted the request in part and required that the non-expert discovery be completed by September 3, 3021 and set new dates related to expert discovery (Doc. 31). Nevertheless, the plaintiff has now failed again to conduct the needed discovery (Doc. 33). He explains that his counsel took depositions in other cases rather than conduct the needed discovery in this case. Id. at 2. Plaintiff's counsel offers no further explanation why those other cases were more pressing or why he was unaware that he did not have the time to devote to this case when he sought the last extension of the non-expert deadline or why his co-counsel could not have taken the depositions needed in this case (Doc. 31).

Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986). A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610. According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). Thus, because the stipulation fails to demonstrate good cause to amend the case schedule, the stipulation is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 9, 2021**              **/s/ Jennifer L. Thurston**
                                            CHIEF UNITED STATES MAGISTRATE JUDGE