UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HAYES., <br><br> Plaintiff, <br><br> v. <br><br> KERN COUNTY, et al., <br><br> Defendants. | Case No. 1:19-cv-01722-CDB <br> Member Case No. 1:20-cv-01820-CDB <br><br> ORDER DENYING PARTIES' REQUEST FOR DISCOVERY, PRETRIAL AND TRIAL EXTENSION <br><br> (Doc. 60) |

On March 10, 2020, the Court entered a Scheduling Order consistent with the parties' jointly requested timeline to complete discovery – approximately nine months to complete fact discovery, and approximately 11 months to complete expert discovery and file dispositive motions. Docs. 8, 11. Among other things, the Scheduling Order set forth:

> The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Doc. 11 at 6.

The day before fact discovery was scheduled to close, the parties jointly requested and the Court granted a four-month extension of discovery, pretrial and trial dates due to unforeseen circumstances that hindered the parties' ability to complete discovery timely. Docs. 15, 17.

On April 21, 2021 – approximately one month after the extended time to complete fact

discovery – the parties requested the Court stay the case pending a decision by the Judicial Panel on Multi-District Litigation. Doc. 26. The Court granted the stay but noted it did not countenance reopening lapsed discovery deadlines. Doc. 27.

Shortly after the stay was lifted, the Court granted in part Plaintiff's request for a further extension of discovery and motion dates. Doc. 31. The Court's order permitted the parties to complete depositions only if already noticed by September 3, 2021, to complete expert discovery by November 12, 2021, and to file dispositive motions no later than January 3, 2022. *Id.* Approximately six weeks later, the parties sought a further extension, and the Court denied the extension for the parties' failure to demonstrate diligence and good cause. Docs. 33, 34.

Following Defendants' filing of motions for summary judgment in January 2022, the parties convened for a status conference and the Court vacated the March 2022 and May 2022 pretrial conference and trial dates (respectively) to resolve the issue of possibly consolidating the case with a related case (*Hayes v. Rojas, et al.*, No. 1:20-cv-01820-BAM). Docs. 35, 37, 44, 45. The Court ultimately consolidated the two related actions on May 4, 2022, and incorporated the Scheduling Order from the related action as the governing scheduling order. Docs. 49, 52. That Scheduling Order provided the parties an additional nine months to complete fact discovery and more than ten months to complete expert discovery. Doc. 52.

Now, approximately one week before the scheduled close of fact discovery, the parties again seek a further extension of time to complete discovery. Doc. 60. The parties offer a threadbare, single-sentence basis for the request: "Good cause exists for this continuation as despite the Parties' diligence, scheduling conflicts have prevented the Parties' ability to conduct the depositions noticed before this matter was stayed."

The initial Scheduling Order and Local Rule 144 were and are clear: "Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested." (Doc. 11). The parties' present stipulation is inconsistent with these requirements. As the Court reiterated to the parties over one year ago in denying an earlier request for an extension:

"Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co*., 795 F.2d 15, 18 (3rd Cir. 1986). A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610. According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b)." (Doc. 34).

If a party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Johnson*, 975 F.2d at 609. If, however, the party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

## **CONCLUSION AND ORDER**

Here, the parties represent they have been diligent in complying with repeatedly extended discovery deadlines, but make no showing in the face of the procedural history recounted above that their efforts have been, in fact, diligent. Given the number of discovery extensions already granted in this case, the parties are not entitled to another extension to engage in additional discovery. *See Zivkovic*, 302 F.3d at 1087 ("Zivkovic did not demonstrate diligence in complying with the dates set by the district court, and has not demonstrated 'good cause' for modifying the scheduling order, as required by Fed.R.Civ.P. 16(b).").

Accordingly, the stipulated request for a further extension of discovery, pretrial and trial dates is DENIED.

IT IS SO ORDERED.

Dated:   **January 26, 2023**                              _____
                                                           UNITED STATES MAGISTRATE JUDGE